**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-20529
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

AGUSTIN MAYA CONTRERAS,

Defendant–Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-94-6

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Agustin Maya Contreras (Contreras) appeals his 63-month sentence for his guilty-plea conviction of conspiracy to transport and harbor aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I). Contreras argues that the district court clearly erred in imposing a three-level increase to his offense level based on his role as a manager or supervisor, pursuant to U.S.S.G. § 3B1.1(b).

A defendant's base offense level may be increased three levels "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

criminal activity involved five or more participants or was otherwise extensive." § 3B1.1(b). An enhancement under § 3B1.1 may be warranted if the defendant managed the criminal organization's property, assets, or activities. *United States v. Rose*, 449 F.3d 627, 633 (5th Cir. 2006); *United States v. Lopez-Urbina*, 434 F.3d 750, 767 (5th Cir. 2005).

Contreras does not contest that five or more participants were involved in the conspiracy. We review the district court's determination that Contreras was a manager or supervisor under § 3B1.1(b) for clear error. *Rose*, 449 F.3d at 633. A factual finding is not clearly erroneous if it is plausible in light of the entire record. *Id.*

The district court noted that Contreras did not dispute that he was at the drophouse, where smuggled aliens were held until payment was secured for their release, "to help guard the aliens, to keep them in the stash house, and to arrange for their food and basic needs." The district court found that Contreras was "responsible in a managerial and supervisory role for th[e] drophouse." This finding is supported by the presentence report (PSR) and the testimony at sentencing that, as second in command, Contreras was in charge of the drophouse when the head boss was not around and had custody and control of the aliens, whose presence represented substantial monetary value to the smugglers, and that Contreras had contacted others to come to the drophouse to dispose of the body of an alien who had died there. The district court's finding that Contreras was a manager or supervisor is plausible in light of the record and, thus, is not clearly erroneous.

AFFIRMED.